# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TRINA M. COX,<br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)    CAUSE NO.: 2:16-CV-156-PRC<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Trina M. Cox on May 3, 2016, and a Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15], filed by Plaintiff on October 31, 2016. Plaintiff requests that the January 29, 2015 decision of the Administrative Law Judge regarding her claims for disability insurance benefits and supplemental security income be reversed and remanded for further proceedings. On December 13, 2016, the Commissioner filed a response. Plaintiff filed a reply on January 19, 2017. For the following reasons, the Court grants Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

Plaintiff filed her application for disability insurance benefits and supplemental security income on March 7, 2013, alleging disability beginning December 1, 2012. The claim was denied initially and on reconsideration. Plaintiff requested a hearing, which was held before Administrative Law Judge Janice M. Bruning (ALJ) on October 27, 2014. On January 29, 2015, the ALJ issued an unfavorable decision, making the following findings:

    1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since December 1, 2012, the alleged onset date.

3. The claimant has the following severe impairments: obesity, lumbosacral tear, affective disorder, anxiety disorder and history of substance abuse.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except never climb ladders, rope or scaffolding and no more than occasionally engage in stair and ramp climbing, balancing, stooping, kneeling, crouching, ending, twisting and crawling; and limited to simple repeated routine tasks that do not require public contact for work related purposes and no more than occasional contact with coworkers and supervisors.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born [in 1978] and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2012, through the date of this decision.

(AR 16-23).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir.

2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and [the] conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also

4

prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the

burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff argues that the ALJ's decision should be reversed because the mental RFC finding lacks substantial support, the ALJ ignored evidence that did not support her decision, the ALJ improperly disregarded the treating psychiatrist's opinion, and the ALJ's evaluation of Plaintiff's credibility is in error. Plaintiff initially also asserted error at step five, but Plaintiff conceded the issue in her reply. The Court addresses Plaintiff's remaining arguments below.

### A. Mental RFC

Plaintiff argues that the ALJ erred in not explaining how she determined Plaintiff's mental RFC. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, *7 (July 2, 1996). An ALJ must identify evidence to substantiate the claimant's ability to meet the requirements of the RFC. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7.

The ALJ notes Plaintiff's December 19, 2012 visit to the Regional Health Center. At that time, Plaintiff reported feeling overwhelmed and having panic attacks. The ALJ further notes that records after that visit show treatment for opioid dependence, depression, and anxiety. The ALJ determined that these records do not reflect any acute pathology.

The ALJ also mentions Plaintiff's psychological consultative examination with Dr. Brown on June 5, 2013. The ALJ points out that Plaintiff complained of flashbacks, crying spells, panic attacks, and difficulty with concentration. The ALJ counters these reports with notes that Plaintiff presented as coherent with appropriate affect and had only mild difficulty with sustained concentration. The ALJ did not mention that Dr. Brown also indicated that Plaintiff completed Serial Sevens in a slow manner by counting on her fingers and made several errors or that Dr. Brown ranked Plaintiff's fund of information, mathematical reasoning, and practical judgment as "fair." The ALJ also did not discuss Dr. Brown's determination that Plaintiff's Global Assessment of Functioning (GAF) score is 50 and that Plaintiff may need assistance managing her funds. The ALJ assigned "some decisional weight" to Dr. Brown's opinion to the degree it is "consistent with the record as a whole." The ALJ does not discuss what evidence in the record supports which parts of Dr. Brown's opinions.

The ALJ assigned "no decisional weight" to Plaintiff's treating psychologist Dr. Khan without discussing any of Dr. Khan's opinions.

This is the extent of the ALJ's discussion of Plaintiff's mental impairments in determining her mental RFC. At no point in the ALJ's determination of Plaintiff's RFC does the ALJ discuss the ALJ's decision to limit Plaintiff to simple repeated routine tasks that do not require public contact and no more than occasional contact with coworkers and supervisors. The Court is at a loss to determine how the ALJ arrived at this determination. The ALJ does not identify any portion of the consulting psychiatrist's opinion or any medical evidence that supports this degree of limitation and not a higher or lower degree of functioning. The ALJ does not connect Dr. Brown's assessment of

mild difficulty with sustained concentration to the limitation to simple repeated routine tasks, but even if she did, the limitations in social interaction would still remain entirely unaddressed.

The ALJ has failed to build a logical bridge from the evidence to her conclusions regarding Plaintiff's mental RFC. The Court cannot trace the ALJ's reasoning in order to determine whether the ALJ considered the important evidence. Remand is required on this basis.

### B. Cherry-Picking of Evidence

Plaintiff contends that the ALJ erred in not considering, analyzing, or mentioning Plaintiff's Global Assessment Functioning (GAF) score. Two psychiatrists—treating psychiatrist Dr. Khan and agency psychiatrist Dr. Brown—assigned Plaintiff a GAF score of 50. As noted above, the ALJ's discussion of the opinion of Dr. Brown is cursory and leaves out many details, and there is no discussion of Dr. Khan's opinion.

The GAF scoring system was phased out in the American Psychiatric Association's 2013 release of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5). Before its removal from the DSM, a GAF score of 41-50 represented serious symptoms or serious impairment in social, occupation, or school functioning. Despite its removal from DSM-5, the Social Security Administration still considers GAF scores to be opinion evidence. *See* Soc. Sec. Admin., Global Assessment of Functioning (GAF) Evidence in Disability Adjudication, AM-13066 (July 22, 2013) (hereinafter "AM-13066"). The Seventh Circuit Court of Appeals has recognized that a GAF score is "useful for planning treatment" but does not necessarily reflect a patient's functional level, *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010), and the Social Security Administration instructs that "[b]y itself, the GAF cannot be used to 'raise' or 'lower' someone's level of function," and "[a] GAF score is never dispositive of impairment severity," AM-13066.

8

The ALJ is not permitted to cherry-pick from the evidence and select only those facts which support her conclusion. *Scrogham v. Colvin*, 765 F.3d 685, 699 (7th Cir. 2014) (holding that the ALJ's "apparent selection of only facts from the record that supported her conclusion, while disregarding facts that undermined it, is an error in analysis that requires reversal"). The ALJ ignored the GAF scores assigned by both psychiatrists in this matter, and one of these psychiatrists is the agency's doctor, who would be unlikely to exaggerate Plaintiff's symptoms. *Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013) (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)). Further, as noted above, the ALJ ignored several rankings of Plaintiff's abilities in discussing Dr. Brown's opinion. The ALJ ignored significant evidence that did not support her conclusion. This is not permitted and necessitates remand.

### C. Treating Psychiatrist Opinion and Credibility

On March 28, 2016, Social Security Ruling (SSR) 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than assessing her "credibility." Plaintiff contends that the ALJ's use of an inconsistent report of the medical diagnoses of Plaintiff's child to discredit Plaintiff and her treating psychiatrist's opinion is improper in light of SSR 16-3p. The Commissioner contends that SSR 16-3p is not retroactive and that the ALJ's analysis was proper under the ruling that was controlling at the time the decision was issued. Because this case must be remanded on other grounds and because the new ruling will apply on remand, the Court does not need to determine whether error was made in applying the old ruling.

On remand, the ALJ must determine subjective symptoms in accordance with the new ruling and must follow the appropriate rules and regulations in assigning weight to medical opinions.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief sought in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** the case for further proceedings.

So ORDERED this 7th day of September, 2017.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT